JOHN F. BICKFORD *vs.* THOMAS FLANNERY.

Aroostook. Opinion June 27, 1879.

*Scire facias. Judgment. Trustee. Record.*

In *scire facias* against a trustee, upon plea of *nul tiel record*, and that the judgment set forth in the writ is not sufficiently definite and certain to impose any liability on the trustee, the production of a record of the original suit showing an omission of any *ad damnum* in the writ, and inconsistent in itself, in that it appears therein that the trustee was charged on his disclosure for the amount of the note declared on in the original suit less his costs, and that "it is therefore considered by the court that the plaintiff recover from the defendants and said trustee" a certain sum as debt or damage, and another and additional sum as costs, followed by an execution against the debtors and against their goods, effects and credits in the hands of the trustee for the amount of the costs as well as the debt, on which execution the demand on the trustee was made, is not sufficient to justify an order of judgment for the plaintiff in *scire facias*.

ON EXCEPTIONS.

*Scire facias.* Writ dated September 2, 1876, and declares as follows :

I. "Whereas, John F. Bickford, of Maysville, in said county, by the consideration of our justice of our supreme judicial court held at Houlton, in and for the county of Aroostook, aforesaid, on the last Tuesday of February, 1876, recovered judgment for the sum of $53.70 damages, and costs of suit taxed at $14.45, in the hands and possession of Thomas Flannery, of Fort Fairfield, in said county as agent and trustee of William Flannery and Isaac Flannery, of said Fort Fairfield; whereas said John F. Bickford afterward, at said Houlton, on the 24th day of March, 1876, purchased out of the office of our clerk of said courts our writ of execution upon that judgment, in due form of law, returnable into the clerk's office aforesaid in three months from the date thereof, directed to the sheriff of our said county, commanding him to serve, execute, and return the same according to the precept thereof; and whereas the said writ of execution was afterward, at said Houlton, to wit: at Fort Fairfield aforesaid, on the 5th day of April, 1876, delivered to one Bradford Cummings, then and ever since sheriff of said county, who

thereafterward, on the said 5th day of April, 1876, required the said Thomas Flannery to discover, expose, and subject the goods, effects, and credits of the said William Flannery and Isaac Flannery in his hands, to be taken on execution for the satisfaction of the said judgment, which the said Thomas Flannery then and there refused to do, whereupon the said Cummings made return upon the said execution into the clerk's office of our said court, as follows : ' Aroostook, ss. July 1, 1876. By virtue of this execution, on the 5th day of April 1876, I demanded of Thomas Flannery, the within named trustee, to pay over and deliver to me any goods, effects, or credits, belonging to the within named William Flannery and Isaac Flannery, in the hands and possession of the said Thomas Flannery—which the said Thomas Flannery then and there neglected and refused to do, and still neglects and refuses to do. And having held this execution all the time since April 5th, 1876, I return the same in no part satisfied. Fees, $1.45. Bradford Cummings, sheriff,'—as by the writ of execution and the said officer's return thereon, now on file with our said clerk, appears; and the same judgment remains wholly unsatisfied and not reversed or annulled, as the said Bickford hath suggested, by means of all which the said Bickford is in danger of losing all benefit from said judgment so recovered as aforesaid; and whereas the said Bickford hath supplicated us to provide remedy for him in this behalf. Willing therefore, that justice be done to all our citizens, we command you to attach the goods and estate of the said Thomas Flannery to the value of $100, and summon the said Thomas Flannery (if he may be found in your precinct) to appear before the justice of our supreme judicial court next to be holden at Houlton, within and for the county of Aroostook aforesaid, on the third Tuesday of September, 1878, then and there to answer to said John F. Bickford, and show cause if any he have, why judgment should not be entered up against him for the said sums and for fifteen cents for the writ of execution aforesaid, and $1.45 for said Cummings' fees on said execution, as of his own proper goods and estate, and execution be thereupon awarded accordingly.

II. " Whereas, John F. Bickford, of Maysville, in said county,

by the consideration of our justice of our supreme judicial court held at Houlton, in and for the county of Aroostook aforesaid, on the last Tuesday of February, 1876, recovered judgment for the sum of $53.70, in the hands and possession of Thomas Flannery, of Fort Fairfield in said county, as agent and trustee of William Flannery and Isaac Flannery, of Fort Fairfield; and whereas said Bickford afterward, at said Houlton, on the 24th day of March, 1876, purchased," etc., . . " then and there to answer to said Bickford, and show cause, if any he have, why judgment should not be entered up against him for the amount due upon the note declared upon in action in favor of said Bickford, against William and Isaac Flannery, and Thomas Flannery and Phebe Flannery, trustees, in which action judgment was rendered at the February term of said court, in 1876, as aforesaid, and for fifteen cents for said writ of execution, and $1.45 for said Cummings' fees on said execution as of his own property, goods and estate, and execution be thereupon awarded accordingly. And plaintiff avers that the amount due on said note at time of rendition of said judgment was $53.70."

Plea, the general issue, and " that the judgment set forth in the plaintiff's writ is not sufficiently definite and certain to render the defendant liable, so as to entitle the plaintiff to maintain his said action thereon against the defendant as he has declared against him." Also brief statement setting out that the execution described in the plaintiff's writ was not seasonably returned to the office of the clerk of the courts.

The plaintiff offered the record charging the defendant, and which is as follows:

" *John F. Bickford* vs. *Wm. Flannery and Isaac Flannery & trustees* (Thomas Flannery and Phebe Flannery).

" In a plea of the case; for that the defendants, at said Fort Fairfield, on the 9th day of January, 1875, by their promissory note of that day, by them signed, for value received promised the plaintiff to pay him or bearer the sum of $50, with interest, one year from date. Yet the defendants, though requested, have not paid the same, to the damage of the plaintiff (as he says) of $——.

" This action was entered at the present term of this court

(Feb'y term, 1876), when the trustees appeared, and Nicholas Fessenden was appointed to take their disclosure, and the trustee, Thomas Flannery, was charged for the amount due on the note, less his costs. And it was proved that personal notice had been given the defendants, and the defendants were defaulted.

"It is therefore considered by the court that the plaintiff recover from the defendants and said trustee, Thomas Flannery, $53.70 debt or damage, and $14.45 costs. Execution issued March 24th, 1876."

"$50.00. Fort Fairfield, June 9, 1875. For value received we promise to pay, jointly and severly promised to pay, to J. F. Bickford or bair forty dollars, with six per cent intress, one year from date. William Flannery. Isaac Flannery."

The plaintiff also offered the execution which was issued on said judgment, and the officer's return thereon, to wit:

"State of Maine, Aroostook, ss. To the sheriffs of our counties, their deputies and constables of the towns and plantations in said counties. Greeting. Whereas, John F. Bickford, of Maysville, by the consideration of our justices of our supreme judicial court, held at Houlton, in and for our county of Aroostook, on the 22d day of March, 1876, recovered judgment against Wm. Flannery and Isaac Flannery, of Fort Fairfield, for $53.70 debt or damage, and $14.45 costs of suit; and whereas, by the consideration of the same court, execution was likewise awarded for the same sums of $62.21 against the goods, effects and credits of said debtor in the hands and possession of Thomas Flannery, trustee of said debtor, as appears of record, whereof execution remains to be done: We command you, therefore, that of the goods, chattels, or lands of said debtor, in his own hands and possession, and in the hands and possession of said trustee, jointly and severally, you cause to be paid and satisfied unto said creditor, at the value thereof in money, the said sums, being $68.15 in the whole, with interest from said time of judgment, and fifteen cents more for this writ, and thereof also to satisfy yourself for your own fees.

"And for want of goods, chattels or lands of said debtor, in his own hand or in possession of said trustee, to be by them shown unto you, or found in your precinct, to the acceptance of said

creditor to satisfy the sums aforesaid, we command you to take the body of said debtor and commit him unto any of our jails in said counties, and therein detain in your custody until he shall pay the full sums aforesaid, with your fees, or be discharged by said creditor, or otherwise by order of law.

"Hereof fail not. . . Witness, John Appleton, Esq., at Houlton, the 24th day of March, 1876. Ransom Norton, clerk."

"Aroostook, ss, July 1, 1876. By virtue of this execution, on the 5th day of April, 1876, I demanded of Thomas Flannery, the within named trustee, to pay over and deliver to me any goods, effects or credits belonging to the within named Wm. Flannery and Isaac Flannery, in the hands and possession of the said Thomas Flannery—which the said Thomas Flannery then and there neglected and refused to do, and still neglects and refuses to do. And having held this execution since April 5, 1876, I return the same no part satisfied. Fees, $1.45. Bradford Cummings, sheriff."

The defendant offered the writ in the action of *Bickford* v. *Flannery*, and said Thomas Flannery and Phebe Flannery, trustees, with the note declared upon in that suit.

Upon the foregoing evidence the defendant moved for a non-suit, but the presiding justice overruled the motion and ordered judgment for the plaintiff. The defendant alleged exceptions.

*J. B. Trafton*, for the plaintiff.

*L. R. King*, for the defendant.

BARROWS, J. The respondent was duly summoned as the trustee of William and Isaac Flannery in the plaintiff's suit against them, and made his disclosure in that suit and was adjudged trustee. The principal defendants had personal notice and were defaulted. Execution was issued and placed in the hands of an officer, who, within thirty days after the judgment, demanded of the respondent the goods, effects or credits of the principal defendants in his hands, and the respondent refused to pay over or deliver the same, and the officer, after holding the execution until a few days beyond its expiration, returned it in no

part satisfied, and the plaintiff sued out this writ of *scire facias* returnable at the next term of court.

Respondent pleads that there is no such record as the plaintiff has set out in his writ, and that the judgment set forth in the plaintiff's writ is not sufficiently definite and certain to render him liable, and adds, by way of brief statement, a denial that the execution was seasonably returned to the clerk's office. He does not claim that he did not have goods, effects or credits of the principal defendants in the original suit in his hands, but relies upon certain alleged defects and errors in the records and proceedings in that suit. His technical defense, in order to prevail, must be technically made out. He presents the badly written and badly spelled note on which that judgment was rendered and claims that we should find what the presiding justice apparently declined to do, that it was misdescribed in the original writ,—that it was for forty instead of fifty dollars, and dated June 9 instead of January 9, and so not due when the original action was brought, and cannot be the foundation of a valid judgment. How much of the apparent discrepancy is due to bad penmanship, careless copying, careless printing and proof reading, and general remissness and want of proper attention to the making up of the case, we need not trouble ourselves to inquire; for it has often been decided that " the notes or other proof used as evidence in ascertaining damages constitute no part of the record and cannot be regarded in case error should be brought to reverse the judgment in which they were offered." *Buckfield Branch R. R. Co.* v. *Benson,* 43 Maine, 374. *Came* v. *Brigham,* 39 Maine, 38. *Storer* v. *White,* 7 Mass. 448. *Peirce* v. *Adams,* 8 Mass. 383. See, also, *Paul* v. *Hussey,* 35 Maine, 97. *Starbird* v. *Eaton,* 42 Maine, 569.

The respondent cannot be heard to impeach and contradict the record in this way. His plea is that there is no such record.

It seems, also, that the fact that the return of *nulla bona* on the execution is made after the return day of the execution does not affect the liability of the trustee on *scire facias.* *Woods* v. *Cooke,* 61 Maine, 215.

But the defendant objects further that the judgment is invalid

by reason of not being sufficiently definite and certain. The record is of a declaration upon a promissory note dated January 9, 1875, payable to plaintiff or bearer, for fifty dollars, with interest, in one year from date. The judgment was at the February term, 1878, for fifty-three dollars and seventy cents debt or damage, and the respondent was charged as trustee upon his disclosure "for the amount due on the note less his costs." The declaration exhibits no claim but the note. The respondent bases his argument that the trustee was charged for an uncertain and indefinite sum upon his previous claim that the note was for forty dollars, dated June 9, 1875. But the amount due from the principal defendants in that suit to the plaintiff was a matter to be definitely settled then and there, and was determined by the judgment to be fifty-three dollars seventy cents.

The general rule is that nothing can be pleaded in bar of the scire facias which might have been pleaded in the original suit; (*Smith* v. *Eaton*, 36 Maine, 303), and though there is an exception recognized in *Cota* v. *Ross*, 66 Maine, 161, and cases there cited, which allows the trustee upon *scire facias* to object that the judgment in the original suit is void for want of jurisdiction obtained by legal service upon the principal defendant, such matters as the amount due from the principal defendants to the plaintiff we must assume were correctly settled in the original suit. The defendants there knew whether they gave the plaintiff a note for fifty dollars dated January 9, 1875, and if they chose to be defaulted after being properly served with notice to appear, it is not for their trustee to controvert their admissions to that effect. That is certain which can be demonstrated; and the order charging the trustee is equivalent to an order that he stand charged for fifty-three dollars seventy cents, and be allowed his taxable costs to be deducted therefrom. The phraseology of the order might be improved. We do not commend it as a precedent. But its intent is sufficiently apparent, and it is a common mode of indicating that from the particular sum with which the trustee stands charged he may deduct, when called upon by the officer, the amount of his taxable costs, which, being fixed by law, it is presumed he knows. It would be well for the clerk to minute the

amount upon the margin of the execution. The adjudication, however, was in substantial compliance with R. S., c. 86, § 65.

Thus far it would seem that the trustee would have no difficulty in understanding and obeying the order of the court by reason of any indefiniteness of the terms in which he was charged; for the means of ascertaining the precise amount were before him; and if this were the only trouble with the record, defendant's objections could not be sustained.

But the record, after stating correctly the adjudication of the court with respect to the trustee, exhibits a supplementary judgment, inconsistent with the first, that "the plaintiff recover from the defendants and said trustee, Thomas Flannery, $53.70 debt or damage, and $14.45 costs;" and upon a judgment thus erroneously entered up, an execution was issued in which it is recited that "execution was likewise awarded for the same sums (erroneously aggregated at $62.21) against the goods, effects and credits of said debtor in the hands and possession of Thomas Flannery, trustee," etc., and the officer's precept calls finally for sixty-eight dollars and fifteen cents in the possession of the trustee in pursuance of this erroneous record. If a plaintiff desires to realize the fruits of his judgment he must see that it is made up at least with such an approximation to correctness that those who desire to understand and obey it should not be misled nor called on to pay more than is due. A certain amount of carelessness has been engendered, perhaps, by the facility with which our statutes of jeofails and amendments enable parties frequently to avoid what would seem to be the legitimate results of the want of diligent exactness. It is an unfortunate delusion of the times, a delusion doomed to end in disappointment, to suppose that we can dispense with faithful work and prudent care by legislation, or by common consent, without losing the advantages which they alone can yield.

We think a trustee might well suppose there was something wrong about a judgment thus inconsistent in itself, and that he is not chargeable out of his own goods and estate for failing to respond to its uncertain mandate. If it could be successfully argued that this was but a clerical error which might be amended,

no motion was ever made to amend it.   The plaintiff commenced this proceeding claiming the additional sum to which he was not, in any view that could be taken, entitled.

Moreover, the record in the original suit shows that the non-payment of the note was " to the damage of the plaintiff (as he says) of $————.''

In *McLellan* v. *Crofton*, 6 Maine, 307, it was said that the total omission or smallness of the *ad damnum* in a writ, though amendable if seasonably attended to, cannot properly be considered as merely a circumstantial error after the rendition of judgment.

*Exceptions sustained.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.